| | |
|---|---|
| MICHAEL A. FAKHOURY, P.C. | Date: June 8, 2010 |
| Attorney for Debtor | Time: 9:15 a.m. |
| 804 Route 9 | |
| Fishkill, NY 12524 | |
| (845) 896-5200 | |
| Michael Fakhoury, Esq. (MAF 5339) | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X      CHAPTER 13
IN RE:

    VICTOR M. RIVERA ,
                                                         **CASE NO. 09-36234 (CGM)**

                    Debtor.
-------------------------------------------------------------X

**APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION
AND EXPENSES TO ATTORNEY FOR DEBTOR UNDER
<u>11 U.S.C. SECTION 330 AND 11 U.S.C. §503(a)</u>**

**TO THE HONORABLE CECELIA G. MORRIS UNITED STATES BANKRUPTCY JUDGE:**

      The application of MICHAEL A. FAKHOURY, of the firm of MICHAEL A. FAKHOURY, P.C., respectfully represents:

### <u>GENERAL BACKGROUND</u>

    1.    On May 13, 2009, VICTOR M. RIVERA, the Debtor, filed a petition with this Court for relief pursuant to Chapter 13 of the Bankruptcy Code.

    2.    Your applicant, on behalf of the Debtor, has been responsible for guiding the Debtor's estate through Chapter 13 of the Bankruptcy Code and further representing the Debtor with regards to his Loss Mitigation request.

    3.    The Debtor owns real property located at 502 Harborview Court, Beacon, New York (the "residence"). This real property is Debtor's primary residence.

1

4. The residence is encumbered by a first mortgage held by BANK OF AMERICA, N.A. in the principal sum of approximately TWO HUNDRED FOURTEEN THOUSAND ONE HUNDRED AND EIGHTY FIVE ($214,185) DOLLARS. The residence is encumbered by a second mortgage held by BANK OF AMERICA, N.A. in the principal sum of approximately TWENTY FIVE THOUSAND ($25,000) DOLLARS.

5. The Debtor sought to file the petition in an effort to reorganize his financial situation and address the arrears with regard to the monthly mortgage payments and discharge his remaining unsecured claims.

## **APPLICATION FOR FEES**

6. This application is made by Michael A. Fakhoury, Esq. for an allowance of additional compensation for professional services rendered to and on behalf of the Debtor in seeking to loss mitigate the Debtor's first and second mortgages from June 18, 2009 to May 11, 2010.

7. Your applicant has acted as legal counsel to the Debtor and has performed all of the necessary professional legal services in connection therewith. MICHAEL A. FAKHOURY, P.C. regularly maintains records of time expended in the rendition of such services and the costs and expenses incurred. The entries in such records were made in the ordinary course of MICHAEL A. FAKHOURY, P.C.'s practice, concurrently with the rendition of such services and the incurring of such costs and expenses. A summary of these records is annexed hereto and made a part hereof as Exhibit "A". Some of the areas in which your applicant has rendered professional legal services to and on behalf of the Debtor are set forth in the following summary.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

### Investigation into the Financial Condition of the Debtor

8. Your applicant has been intimately involved in an effort to protect the interest of the Debtor and the estate and bring about a reasonable recovery for creditors. In the initial phases of this case, your applicant commenced an investigation into the financial condition of the Debtor and was called upon to advise the Debtor as to the requirements of the Bankruptcy Code and the administration of a Chapter 13 case.

### LOSS MITIGATION

9. On June 18, 2009 the debtors filed a request for loss mitigation on their first and second mortgages.

10. On July 16, 2009, this Court entered a Loss Mitigation Order. The Order required the parties to exchange financial documentation and conduct several conferences in an effort to obtain a loan modification that complies with current law and the Court's Loss Mitigation Program Order.

11. In pursuing loss mitigation, this firm was required to have several conferences with the Debtor, conduct several phone conferences with "contact parties" of the first and second mortgagees, review voluminous documents and submit completed financials on behalf of the Debtor and further appear in Court to convey the status of our progress. The process resulted in a fair and equitable offer from the first mortgage company which Debtor has chosen to accept. Further, this Court granted Debtor's motion to reclassify the second mortgage pursuant to Section 506 of the Bankruptcy Code – thereby eliminating the need to further pursue loss mitigation on the Debtor's second mortgage.

12. Your applicant has expended a total of <u>12 hours of lawyer's time</u> and <u>3.5 hours of paralegal time</u> from June 18, 2009 to May 11, 2010, in the rendition of its services to the Debtor. The number of hours expended by your applicant was kept to a minimum because of the high level of expertise and experience which your applicant brought to this matter. The following is a brief description of the experience and background of your applicant:

> I, Michael A. Fakhoury have been practicing Bankruptcy Law for over 11 years. I graduated from Albany Law School (JD), 1997, Union College (MBA), 1998. I am a former Law Clerk to the Honorable JEREMIAH E. BERK, Bankruptcy Judge, Southern District of New York, 1998-1999. I am also a member of the Dutchess County Bar Association, Putnam County Bar Association, New York State Bar Association and the Mid-Hudson Bankruptcy Bar Association. Further, since 1999, I have represented clients in Chapter 7 and Chapter 13 matters, represented individuals in foreclosure proceedings and represented clients in mortgage modification matters.

13. Your Applicant believes that the allowance sought herein for services rendered is fair and reasonable, particularly in view of the complexity of the case and the issues presented therein. Your applicant's standard time charge for the relevant period is Two Hundred, Seventy Five ($275) per hour and Seventy Five ($75) for paralegal time. Utilizing these standard time charges for hours of attorney time at $275 per hour ($3,300); and hours of paralegal time at $75.00 per hour ($262.50) for an aggregate amount due of $3,562.50.

14. You applicant is not seeking reimbursement for the actual and necessary expenses incurred in connection with the rendition of professional services as aforesaid.

15. No previous allowance has been made to your applicant for the services rendered as hereinafter set forth and no previous application has been made therefore to this Court, or any other court, for compensation. Your applicant has not, in any form or guise, shared or agreed to share compensation to be received by it or any other person for services rendered in connection with this matter. No agreement or understanding prohibited by 18 U.S.C. §155 has been made by your applicant.

**WHEREFORE**, your applicant respectfully requests that the Court enter an Order under 11 U.S.C. Sections 330 and 503 allowing final compensation in the amount of $3,562.50 and for such other and further relief as to the Court may deem just and proper.

Dated: Fishkill, New York
May 11, 2010

                MICHAEL A. FAKHOURY, P.C.

By:   /s/ *Michael A. Fakhoury*
       Attorney for Debtor
       804 Route 9
       Fishkill, NY 12524
       (845) 896-5200

MICHAEL A. FAKHOURY, P.C.
Attorney for Debtor
804 Route 9
Fishkill, NY 12524
(845) 896-5200
Michael Fakhoury, Esq. (MAF 5339)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X    **CHAPTER 13**
IN RE:

    VICTOR M. RIVERA ,
                                           **CASE NO. 09-36234 (CGM)**

                 Debtor.
------------------------------------------------------------X

## ORDER APPROVING ADDITIONAL ALLOWANCE OF COMPENSATION TO ATTORNEYS FOR THE DEBTOR

**UPON** reading and filing the application for final compensation for services of Michael A. Fakhoury, attorney for the Debtor, dated May 11, 2010, seeking compensation of $3,562.50, and after notice to all creditors and parties in interest having been given, with proof of due service thereof, and said application having come on to be heard on June 8, 2010 and after hearing the parties whose identities are reflected in the transcript of the hearing, and upon the record made at said hearing and due deliberation having been had thereon, it is

**ORDERED**, that the Debtor is authorized and directed to pay the following sums as allowed to the applicant herein as final compensation for actual, necessary services rendered by such the expenses, pursuant to 11 U.S.C. Sections 330 and 503; $3,562.50 for compensation through the Debtor's Chapter 13 Plan as an administrative; and it is further

**ORDERED,** that should the Debtor's case either be dismissed or convert to a case

6

under Chapter 7 of the United States Bankruptcy Code, the Chapter 13 Trustee is hereby directed to pay to Michael A. Fakhoury, Esq. the sums held by said Trustee paid to him by the Debtor for its plan payments in a sum no greater than the fees and expenses awarded herein.

Dated: Poughkeepsie, New York

_____, 2010

_____
U.S. BANKRUPTCY JUDGE

MICHAEL A. FAKHOURY, P.C.
Attorney for Debtor
804 Route 9
Fishkill, NY 12524
(845) 896-5200
Michael Fakhoury, Esq. (MAF 5339)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X  **CHAPTER 13**
IN RE:

     VICTOR M. RIVERA ,

                               **CASE NO. 09-36234 (CGM)**

                Debtor.
-------------------------------------------------------------X

## **CERTIFICATION**

1. I, Michael A. Fakhoury, certify that I am the professional designated by the applicant with the responsibility in this case for compliance with the guidelines for fees and disbursements for professionals in Southern District of New York bankruptcy cases.

2. I have read the application and to the best of my knowledge, information and belief formed after reasonable inquiry, the application complies with the mandatory guidelines.

3. To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expenses sought and fall within these guidelines.

4. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the applicant and generally accepted by applicant's clients.

5. A copy of this application has been served upon the Chapter 13 Trustee, Jeffrey L. Sapir, Esq., the U.S. Trustee and the Debtor. At the present time, I have no personal knowledge as to whether the Chapter 13 Trustee has approved the application. The Debtor has reviewed same and understands that same will be paid through his Chapter 13 Plan.

6. The Debtor and the Chapter 13 Trustee and the U.S. Trustee were served with the application as indicated in the Affirmation of Mailing attached hereto.

Dated: Fishkill, New York
      May 11, 2010

                                                                            */s/ Michael A. Fakhoury*
                                                                            MICHAEL A. FAKHOURY

                                                                            Affirmed this 11th day
                                                                            of May, 2010

# *EXHIBIT A*

*RE: Victor Rivera
Case No. 09-36234
TIME SLIPS SUMMARY*    **A/P annotates whether task was done by Attorney or Paralegal**

| DATE | TASK | TIME | A/P |
|---|---|---|---|
| 06/18 | Loss Mitigation Application filed | 0 minutes | A |
| 07/14 | Proposed Loss Mitigation Order drafted and filed with Court | 30 minutes | A |
| 07/16 | Updated Loss Mitigation file – Order signed by Judge – First Hearing scheduled 08/25 @ 9:30am | 10 minutes | A |
| 07/16 | Drafted and mailed letter with signed Order to Bank of America and to Charles Fisher | 30 minutes | A |
| 08/21 | Received Creditor document request from Bank of America first loan – Steven J. Baum's Office is attorney contact, Creditor contact – called and spoke with Client to bring in documents as soon as possible | 30 minutes | A |
| 08/25 | Loss Mitigation 1st Status Court Hearing (adj. to 9/29) | 60 minutes | A |
| 09/28 | Spoke with Baum's office – asked MAF to consent to adjournment – reviewed file and consented – but will still need to appear | 15 minutes | A |
| 09/29 | Loss Mitigation 2nd Status Court Hearing (adj. to 10/20) | 60 minutes | A |
| 10/07 | Spoke with Baum's office they need two most recent pay stubs | 10 minutes | P |
| 10/07 | Spoke with Client will get us pay stubs ASAP | 10 minutes | P |
| 10/08 | Spoke with Charles Fisher about second loan – he is not contact Baum's office is handling both loans | 15 minutes | P |
| 10/08 | Spoke with Baum's office to see if they are handling both loans – they will look into this and let us know | 15 minutes | P |
| 10/14 | Spoke with Baum's office – asked MAF to consent to adjournment – reviewed file and consented – but will | | |

| Date | Description | Time | Type |
|---|---|---|---|
| | still need to appear | 15 minutes | A |
| 10/15 | Received and email from Baum's office still waiting on Client's pay stubs let them know we would have today or tomorrow | 10 minutes | P |
| 10/15 | Called Client to remind him we still needed paystubs – will be coming in today | 10 minutes | P |
| 10/15 | Office meeting - Client came to office and dropped off Pay stubs; Reviewed with Client | 15 minutes | A |
| 10/15 | Prepared and faxed pay stubs to Steven J. Baum's office | 10 minute | P |
| 10/19 | Received call from Baum's office – they are handling both loans | 10 minutes | P |
| 10/20 | Loss Mitigation 3rd Status Court Hearing (adj. to 12/15) | 60 minutes | A |
| 11/11 | Received an email from Baum's office asking if Client had any other expenses to add | 10 minutes | P |
| 11/12 | Prepared and faxed schedules I and J to Baum's office per MAF's request | 10 minutes | P |
| 11/20 | Received an email from Baum' office – 2nd mortgage denied loss mitigation | 10 minutes | P |
| 11/20 | Spoke to Client about 2nd mortgage being denied | 15 minutes | A |
| 11/30 | Received and reviewed offer from Baum on 1st mortgage – called and spoke to Client about offer | 15 minutes | A |
| 11/30 | Meeting with Client, reviewed offer, reviewed his financial submissions, evaluated budget – Client accepted and signed offer, just needs his ex-wife to sign | 15 minutes | A |
| 12/01 | Client called his ex-wife is refusing to sign offer – asked that he bring in his signed copy and we will try to get date pushed back to give him time to get ex's signature | 15 minutes | A |
| 12/03 | Office meeting - Client came to office with signed offer | 10 minutes | A |
| 12/03 | Prepared and faxed signed offer with one signature | 10 minutes | P |
| 12/03 | Called Baum's office need date pushed back because | | |

| Date | Description | Time | |
|---|---|---|---|
| | Client's ex wife is refusing to sign – they will do what they can and see if both need to sign or if his signature is enough | 10 minutes | P |
| 12/09 | Spoke with Baum's office – they will send an updated offer – both need to sign | 10 minutes | P |
| 12/21 | Called Baum's office still waiting on offer – they will look into why the new offer was not sent to us | 10 minutes | A |
| 01/13 | Received and reviewed new offer from Baum on 1st mortgage – called and spoke to Client about offer | 15 minutes | A |
| 01/13 | Meeting with Client, reviewed offer, Client signed offer, just needs his ex-wife to sign | 10 minutes | A |
| 01/14 | Drafted and emailed letter with copy of offer to Client's ex wife's attorney asking that she sign | 15 minutes | A |
| 01/20 | Called Client's ex-wife's attorney at Brady's office to see If she signed offer – they will look into it and call us back | 10 minutes | P |
| 01/21 | Ex-wife's attorneys called – they never received MAF's email and ask that we fax offer for their review | 10 minutes | P |
| 01/21 | Prepared and faxed offer to Brady's | 10 minutes | P |
| 01/22 | Called and spoke with Client's ex-wife's attorney – she needs to sign offer ASAP – they said she was still considering | 15 minutes | A |
| 01/22 | Called Bank of America to explain that ex-wife has not signed offer and would they accept just our Client's – Bank said yes one signature was fine | 30 minutes | A |
| 01/22 | Called and spoke with Client needs to come in ASAP with offer we will send back without wife's signature | 10 minutes | A |
| 01/25 | Client came in with offer met with MAF | 10 minutes | A |
| 01/25 | Prepared and faxed offer to Baum's | 10 minutes | P |
| 01/28 | MAF received email from JeQuila Leslie at Baum's – they need both Debtor and ex to sign | 10 minutes | A |
| 01/28 | MAF called JeQuila Leslie at Baum's and asked about signatures – they absolutely need both signatures | 15 minutes | A |

| Date | Description | Time | Code |
|---|---|---|---|
| 01/28 | Called ex-wife's attorneys – she needs to sign offer ASAP | 10 minutes | A |
| 02/02 | Loss Mitigation 4th Status Court Hearing (adj. to 3/2) | 60 minutes | A |
| 02/04 | Received mailing from Ex-wife's attorney – she signed offer, reviewed and okayed to be sent | 10 minutes | A |
| 02/04 | Prepared and faxed offer to Baum's with both signatures | 10 minutes | P |
| 02/19 | Spoke with Baum's office – asked MAF to consent to adjournment while stipulation prepared– reviewed file and consented | 15 minutes | A |
| 02/22 | Received stipulation from Baum's office, reviewed signed and faxed back to Baum | 15 minutes | A |
| 03/02 | Loss Mitigation 5th Status Court Hearing (previously adj.) | 0 minutes | A |
| 03/04 | Updated file – Judge signed stipulation approving loss Mitigation on first mortgage | 10 minutes | P |
| 05/11 | Submitted Order to terminate successful loss mitigation | 15 minutes | A |
| 05/11 | Drafted, reviewed and filed Fee application | 60 minutes | A |

Total Time A  =  12 hours
at $275/hr  =  $3,300

Total Time P  =  3.5 hours
at $75/hr  =  $262.50

Total Due  =  $3,562.50

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
IN RE:

    VICTOR M. RIVERA ,

                                                      **CASE NO. 09-36234 (CGM)**

            Debtor.
-------------------------------------------------------------------

STATE OF NEW YORK    )
                              ) ss.:
COUNTY OF DUTCHESS)

    I, MICHAEL A. FAKHOURY, being sworn, say:

    I am not a party to this action, am over 21 years of age and reside in Hopewell Junction, New York.

    On May 11, 2010, I served a copy of NOTICE OF HEARING, APPLICATION, EXHIBITS and ORDER APPROVING FINAL ALLOWANCE OF COMPENSATION TO ATTORNEY FOR THE DEBTORS AND ATTORNEY CERTIFICATION by mailing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service in New York State, addressed to each of the following person at their last know address as set forth after each name:

| | |
|---|---|
| U.S. TRUSTEE'S OFFICE<br>Attn: Eric Small, Esq.<br>74 Chapel Street<br>Albany, NY 12207 | JEFFREY L. SAPIR, ESQ.<br>399 Knollwood Road, Suite 102<br>White Plains, NY 10603 |
| STEVEN J. BAUM<br>Attorneys for Wells Fargo<br>220 Northpointe Road, Suite G.<br>Amherst, NY 14228<br>Attn: Dennis Jose, Esq. | VICTOR M. RIVERA<br>502 Harborview Court<br>Beacon, NY 12508 |

                                                      */s/ Michael A. Fakhoury*
Dated: Fishkill, NY                                   MICHAEL A. FAKHOURY
May 11, 2010